Abran E. Vigil
Nevada Bar No. 7548
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
vigila@ballardspahr.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; SEVEN HILLS MASTER COMMUNITY ASSOCIATION, a Nevada non-profit corporation; VENANCIO H. REYES, JR., an individual. <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT** |

Plaintiff JPMorgan Chase Bank, N.A. ("Plaintiff") complains and alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1.  This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves the federal question of the constitutionality of a state statute.

2.  This Court also has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

3. Plaintiff is a national banking association headquartered in Ohio. For diversity purposes, Plaintiff is a citizen of Ohio.

4. Upon information and belief, defendant SFR Investments Pool 1, LLC ("Purchaser") is a Nevada limited liability company that is wholly owned by SFR Investments, LLC, a Nevada limited liability company. SFR Investments, LLC is wholly owned by SFR Funding LLC, a Delaware limited liability company that is wholly owned by a Canadian entity, Xieman LP. Xieman LP consists of partners Xieman Investments, Ltd., a Canadian corporation, and John Gibson, an individual who is a citizen of South Africa. For diversity purposes, Purchaser is a citizen of Canada and South Africa.

5. Upon information and belief, Seven Hills Master Community Association (the "Association") is a non-profit corporation, incorporated in the state of Nevada. For diversity purposes, the Association is a citizen of Nevada.

6. Upon information and belief, Venancio H. Reyes, Jr. (the "Borrower") is a resident of the state of Nevada. For diversity purposes, upon information and belief, Borrower is a citizen of Nevada.

7. This Court is the appropriate venue for this action pursuant to 28 U.S.C. § 1391(b) because the Purchaser does business in Clark County, Nevada, the events giving rise to Plaintiff's claims occurred in Clark County, Nevada, and the real property that is the subject of Plaintiff's claims is located in Clark County, Nevada.

8. This Court has personal jurisdiction over the parties because this lawsuit arises out of and is connected with their purposeful conduct surrounding the purchase and sale of an interest in real property situated in Clark County, Nevada.

9. The Court has *in rem* jurisdiction over the real property that is the subject of this lawsuit because the property is situated in Clark County, Nevada.

10. There are no claims alleged against the Borrower or the Association; Plaintiff names these parties pursuant to Federal Rule of Civil Procedure 19(a), in the event the Court deems them to be necessary.

2

DMWEST #16100344 v1

## GENERAL ALLEGATIONS

### *The Property and Plaintiff's Deed of Trust*

11. This matter relates to the parties' rights in real property located at 1259 Panini Drive, Henderson, Nevada, 191-01-116-015 (the "Property").

12. On or about July 28, 2005, a deed of trust (the "Deed of Trust") securing a loan made to the Borrower in the amount of $600,000.00 (the "Loan") was recorded in the Official Records of the Clark County Recorder.

13. The Deed of Trust is a first-position security interest.

14. Plaintiff is the beneficiary of the Deed of Trust and is entitled to enforce this security instrument.

15. The Borrower defaulted on the Loan and the Deed of Trust.

### *The Association's Foreclosure and the Purchaser's Purported Interest in the Property*

16. The Association, through its agents, purports to have recorded in the Official Records of the Clark County Recorder several notices against the Property: a notice of delinquent assessment lien, a notice of breach and election to sell, and a notice of sale (together, the "Notices").

17. Upon information and belief, the Association did not provide proper notice of the Borrower's delinquency, the Association's lien, or the Association's foreclosure to Plaintiff.

18. Upon information and belief, the Notices did not specify what, if any, portion of the Association's purported lien constituted a "superpriority" lien, or whether the Association was foreclosing on a purported "superpriority" portion of its lien.

19. After recording the Notices, the Association, upon information and belief, conducted a foreclosure sale on March 6, 2013 (the "Association Sale").

20. Upon information and belief, no one at the Association Sale specified what, if any, portion of the Association's purported lien constituted a "superpriority" lien, or whether the Association was foreclosing on a purported "superpriority"

1  portion of its lien.

2  21. Upon information and belief, the Purchaser purchased its purported

3  interest in the Property for $40,000.00 at the Association Sale.

4  22. Upon information and belief, at the time of the Association Sale, the

5  market value of the Property exceeded the purchase price at the Association Sale.

6  23. Upon information and belief, the purchase price attained at the

7  Association Sale was not the result of competitive bidding.

8  24. Upon information and belief, the Association accepted the Purchaser's

9  minimal purchase price even though the amount was well below the Property's value.

10  25. Upon information and belief, the Association satisfied the full amount of

11  its purported lien—including amounts for fines, interest, late fees, additional

12  monthly assessments, attorney's fees, and/or costs of collection that are not entitled

13  to superpriority treatment under Nevada law—from the Association Sale proceeds

14  before it disbursed remaining amounts, if any, to other lienholders or the Borrower.

15  26. Upon information and belief, at the time of the Association Sale, the

16  Purchaser was in the business of purchasing properties sold at homeowners'

17  association foreclosure sales for pennies on the dollar so that it could rent the

18  properties before the beneficiaries of first-position deeds of trust foreclosed.

19  27. Upon information and belief, at the time of the Association Sale, the

20  Purchaser understood that the Association transferred its purported interest in the

21  Property to the Purchaser without warranty.

22  28. Upon information and belief, at the time of the Association Sale, the

23  Purchaser understood that it acquired its purported interest in the Property subject

24  to the Deed of Trust.

25  29. Upon information and belief, at the time of the Association Sale, the

26  Purchaser knew that deed of trust beneficiaries understood that a homeowners'

27  association foreclosure sale would not extinguish a first-position deed of trust.

28  30. Upon information and belief, at the time of the Association Sale, the

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

4

Purchaser knew that deed of trust beneficiaries and homeowners' association sale purchasers were actively litigating quiet title actions, but proceeded to purchase the Property believing that litigation could delay a deed of trust beneficiary's ability to foreclose and allow the Purchaser to continue to collect rents.

31. After the Association Sale, a foreclosure deed purporting to convey all of the Association's interest in the Property to the Purchaser was recorded in the Official Records of the Clark County Recorder.

32. After the Purchaser purported to take title to the Property, Plaintiff made preservation payments for the Property, including, but not limited to, county tax payments and homeowners' insurance payments (the "Property Preservation Payments").

33. Upon information and belief, the Purchaser maintains that it has an interest in the Property and that the Association Sale extinguished Plaintiff's Deed of Trust.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment against the Purchaser)

34. Plaintiff repeats and re-alleges all preceding paragraphs.

35. Pursuant to 28 U.S.C. § 2201 and NRS 40.010, this Court has the power and authority to declare Plaintiff's rights to, and interests in, the Property.

36. The Association Sale resulted in an unconstitutional taking of Plaintiff's property, in violation of the Takings Clause of the United States and Nevada Constitutions.

37. The Association foreclosed pursuant to an unconstitutional state statute that violates Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution. *See generally Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016).

38. Moreover, Plaintiff was not provided sufficient notice of the Association Sale or the Association's purported superpriority lien before the Association Sale took

5

1  place.

2  39.  The Association's foreclosure did not comply with all requirements of
3  Nevada law, including, without limitation, NRS 116.3116, *et seq.*

4  40.  The Nevada Supreme Court's holding in *SFR Investments Pool 1, LLC
5  v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) cannot apply retroactively to permit the
6  Association Sale to extinguish the Deed of Trust.

7  41.  The price paid by the Purchaser at the Association Sale was grossly
8  inadequate, not reasonably equivalent value, and not paid in good faith when
9  compared to the Property's market value or the Loan balance secured by the Deed of
10 Trust.

11 42.  The Association Sale is void, voidable, or otherwise insufficient to
12 extinguish the Deed of Trust based on the grossly inadequate sale price alone.

13 43.   The Association Sale is void, voidable, or otherwise insufficient to
14 extinguish the Deed of Trust based on the grossly inadequate sale price, together
15 with the fraud, oppression, and unfairness that tainted the Association's foreclosure
16 and prejudiced Plaintiff.

17 44.  The Purchaser is not a *bona fide* purchaser for value.

18 45.  For any or all of the reasons set forth above and in the General
19 Allegations, Plaintiff is entitled to a declaration from this Court that the Association
20 Sale cannot extinguish the Deed of Trust and any purported interest acquired by the
21 Purchaser remains subject to the Deed of Trust.

22 46.  Plaintiff has been required to retain counsel and is entitled to recover
23 reasonable attorneys' fees and costs.

24                          <u>SECOND CLAIM FOR RELIEF</u>
25                            (Quiet Title against the Purchaser)

26 47.  Plaintiff repeats and re-alleges all preceding paragraphs.

27 48.  Pursuant to 28 U.S.C. § 2201 and NRS 40.010, this Court has the power
28 and authority to determine adverse claims to the Property.

49. Purchaser claims an interest in the Property adverse to Plaintiff's interest in the Property.

50. The Association Sale resulted in an unconstitutional taking of Plaintiff's property, in violation of the Takings Clause of the United States and Nevada Constitutions.

51. The Association foreclosed pursuant to an unconstitutional state statute that violates Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution. *See generally Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016).

52. Moreover, Plaintiff was not provided sufficient notice of the Association Sale or the Association's purported superpriority lien before the Association Sale took place.

53. The Association's foreclosure did not comply with all requirements of Nevada law, including, without limitation, NRS 116.3116, *et seq.*

54. The Nevada Supreme Court's holding in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) cannot apply retroactively to permit the Association Sale to extinguish the Deed of Trust.

55. The price paid by the Purchaser at the Association Sale was grossly inadequate, not reasonably equivalent value, and not paid in good faith when compared to the Property's market value or the Loan balance secured by the Deed of Trust.

56. The Association Sale is void, voidable, or otherwise insufficient to extinguish the Deed of Trust based on the grossly inadequate sale price alone.

57. The Association Sale is void, voidable, or otherwise insufficient to extinguish the Deed of Trust based on the grossly inadequate sale price, together with the fraud, oppression, and unfairness that tainted the Association's foreclosure and prejudiced Plaintiff.

58. The Purchaser is not a *bona fide* purchaser for value.

DMWEST #16100344 v1

59. For any or all of the reasons set forth above and in the General Allegations, Plaintiff is entitled to have this Court quiet title in its favor through a judgment declaring that the Deed of Trust continues to encumber the Property and is superior to the interest in the Property, if any, acquired by Purchaser, including its trustors, beneficiaries, or agents, or held or claimed by any other party.

60. Plaintiff has been required to retain counsel and is entitled to recover reasonable attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

### (Unjust Enrichment against the Purchaser)

61. Plaintiff repeats and re-alleges all preceding paragraphs.

62. After the Association Sale, Plaintiff made Property Preservation Payments based on its reasonable belief that its Deed of Trust continued to encumber the Property as a valid, first-position security interest.

63. If the Court determines that the Deed of Trust was extinguished, then the Purchaser has been unjustly enriched by the Property Preservation Payments.

64. The Purchaser has retained the benefits of the Property Preservation Payments to the detriment of Plaintiff, and contrary to the principles of fairness, justice, and fair dealing.

65. Plaintiff is entitled to recoup the reasonable amount of benefits recognized by the Purchaser.

66. Plaintiff has been required to retain counsel and is entitled to recover reasonable attorneys' fees and costs.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

- A declaration that the Deed of Trust remains a valid first-position security interest which encumbers the Property;

- Alternatively, if the Court finds that the Deed of Trust was extinguished, damages for all amounts Plaintiff expended to maintain and preserve the Property,

8

including, without limitation, all Property Preservation Payments.

- An award of Plaintiff's reasonable attorney's fees and costs, to the extent provided by governing law, including post-judgment fees and costs; and
- Any and all further relief deemed appropriate by the Court.

Dated:  February 1, 2017.

                                            BALLARD SPAHR LLP

By: */s/ Abran E. Vigil*
    Abran E. Vigil
    Nevada Bar No. 7548
    100 North City Parkway, Suite 1750
    Las Vegas, Nevada 89106

*Attorneys for Plaintiff*

9