**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JPMORGAN CHASE BANK, N.A., )
)
    Plaintiff, )  Case No.: 2:17-cv-00321-GMN-GWF
 vs. )
)   **ORDER**
SFR INVESTMENTS POOL 1, LLC, *et al.*, )
)
    Defendants. )
)

Pending before the Court is the Motion for Default Judgment, (ECF No. 50), filed by SFR Investments Pool 1, LLC ("SFR") against Cross-Claim Defendant Real Time Resolutions, Inc. ("Real Time Resolutions"). For the reasons discussed below, the Court **GRANTS** SFR's Motion for Default Judgment.

**I.** **BACKGROUND**

This case arises from a foreclosure sale of real property located at 1259 Panini Drive, Henderson, NV 89052 ("the Property"), which occurred in March of 2013. The foreclosing party was the homeowners association that governed the Property, Seven Hills Master Community Association ("HOA"). The HOA initiated foreclosure proceedings based on the statutory scheme in Chapter 116 of the Nevada Revised Statutes due to delinquent assessments owed to the HOA by the Property's owner. (Not. Delinquent Assessments, Ex. 1-C to Mot. Default J., ECF No. 50-4); (Notice of Trustee's Sale, Ex. 1-E to Mot. Default J., ECF No. 50-6). SFR purchased the Property at the HOA's foreclosure sale. (Trustee's Deed Upon Sale, Ex. 1-F to Mot. Default J., ECF No. 50-7).

On February 1, 2017, JPMorgan Chase Bank, N.A. ("JPMorgan") commenced this action by filing its Complaint against SFR, the HOA, and Venacio H. Reyes, Jr., wherein JP Morgan

claimed that the HOA's foreclosure sale was improper and invalid. (Compl. ¶¶ 34–66, ECF No. 1). SFR then filed an Answer on June 26, 2017, and alleged various counter-claims and cross-claims. (Answer/Counterclaim/Cross-Complaint, ECF No. 22). One of SFR's cross-claims named Real Time Resolutions as a cross-defendant based on the possibility of Real Time Resolutions holding an interest in the Property that could affect SFR's interest. (*Id.* ¶ 47). SFR served Real Time Resolutions with its Cross-Complaint on September 25, 2017. (Summons Returned Executed, ECF No. 31).

Real Time Resolutions failed to appear or otherwise defend itself in this case. Accordingly, on February 4, 2019, SFR secured an Entry of Default against Real Time Resolutions. (Entry of Default, ECF No. 44). SFR now moves for entry of judgment by default against Real Time Resolutions. (Mot. Default J., ECF No. 50).

## II. **LEGAL STANDARD**

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true.

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## III. DISCUSSION

Judgment by default in favor of SFR and against Real Time Resolutions is appropriate here based on the seven *Eitel* factors listed above. First, SFR has litigated this case for nearly three years—with all of that time involving its cross-claims against Real Time Resolutions. (Answer/Counterclaim/Cross-Complaint, ECF No. 22). SFR would consequently suffer prejudice without default judgment against Real Time Resolutions by expending additional resources to litigate the unopposed cross-claims.

Regarding the second and third *Eitel* factors, SFR provides evidence to support its claims against Real Time Resolutions, which are sufficiently alleged in the Cross-Complaint, (ECF No. 22), based on the liberal pleading standard from Rule 8 of the Federal Rules of Civil Procedure. SFR's evidence supports its contention that the HOA followed NRS 116's procedures to foreclose under a superpriority lien; and that the HOA's foreclosure permitted SFR to purchase the Property without Real Time Resolutions continuing to hold an interest in the Property. (Not. Delinquent Assessment, Ex. 1-C to Mot. Default J., ECF No. 50-4); (Not. Default and Election to Sell, Ex. 1-D to Motion Default J., ECF No. 50-5); (Not. Trustee's Sale, Ex. 1-E to Motion Default J., ECF No. 50-6); (Trustee's Deed Upon Sale, Ex. 1-F to Mot. Default J., ECF No. 50-7).

The fourth *Eitel* factor bears minimal consideration because SFR does not request a monetary award. (*See* Decl. Jason G. Martinez ¶ 9, Ex. 2 to Default J., ECF No. 50-10). Rather, SFR requests declaratory judgment against Real Time Resolutions for the following: the foreclosure sale and resulting deed are deemed valid; SFR is the rightful owner of title to the Property; and Real Time Resolutions has no right, title, or interest in the Property. This fourth factor thus does not defeat SFR's request for default judgment.

The remaining *Eitel* factors support judgment by default against Real Time Resolutions. Real Time Resolutions's failure to participate in this case renders a likelihood of a dispute over

materials facts unlikely. And no facts suggest that default arises from excusable neglect because SFR served Real Time Resolutions with the Summons, Answer, Counterclaim, Crossclaims, and Lis Pendens back in July of 2017. (*See* ECF Nos. 22–23, 31). SFR then earned an Entry of Default against Real Time Resolutions over a year later. (Entry of Default, ECF No. 44). Based on these procedures taken by SFR, a decision on the merits appears "impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002.). Entry of judgment by default in favor of SFR and against Real Time Resolutions is therefore proper under these circumstances.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that SFR's Motion for Default Judgment, (ECF No. 50), is **GRANTED**.

The Clerk of Court is instructed to enter judgment accordingly and close the case.

**DATED** this __31__ day of January, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court